```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

WAYNE G. DOBSON,                 :
                                       Civil Action No. 11-2924 (JBS)
            Petitioner,          :

      v.                         :      O P I N I O N

KAREN BALICKI,                   :

            Respondent.          :
```

**APPEARANCES:**

Wayne G. Dobson, Pro Se
#437073
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Robin A. Hamett
Assistant Prosecutor
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102
Attorney for Respondent

**SIMANDLE, Chief Judge**

Respondent has filed a motion to seal (docket entry 14) in this habeas case filed by Petitioner pursuant to 28 U.S.C. § 2254. Petitioner has filed opposition to the motion (docket entry 15).

For the following reasons, the motion will be granted.

## BACKGROUND

Respondent filed this motion to seal along with their Response to Petitioner's habeas petition. Respondent seeks to admit, as part of the state court record attached to that

Response, Petitioner's state Pre-Sentence Investigation Report ("PSIR"); however, they seek to file it under seal, pursuant to Local Civil Rule 5.3, "given the confidential nature of the information contained therein."  (Brief, p. 2).

Respondent argues that under New Jersey state law, PSIRs are not a matter of public record; rather, they are confidential to the parties.  The sealing of the report falls within the purview of Local Civil Rule 5.3(a)(3).  (Brief, p. 4).

Petitioner argues that the report could be redacted, and that sealing the report would "strike at the core of the reason for public access."  (Brief in Opposition, docket entry 15-1, pp. 4-5).

## **DISCUSSION**

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to both materials filed with the Court and judicial proceedings themselves.  See Allyn Z. Lite, N.J. Federal Practice Rules, Comment 1 to L. Civ. R. 5.3 (Gann 2012).  Under L. Civ. R. 5.3(c)(2), a party seeking an Order to seal materials or judicial proceedings must describe:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

The Court finds that under the standard enunciated above, there is good cause to seal Petitioner's state PSIR.  First, the

PSIR is a material that should be sealed under the rules governing the State of New Jersey, and thus falls within the purview of L. Civ. R. 5.3(a)(3).  Presentence investigation reports are subject to rules of confidentiality.  While N.J. Civ. R. 3:21-2(a) allows the PSIR to be furnished to the defendant and prosecutor, the PSIR should not be made a matter of public record.  See State v. DeGeorge, 113 N.J. Super. 542, 544 (App. Div 1971); see also State v. Boiardo, 82 N.J. 446, 463 n.14 (1980).  Moreover, presentence investigative reports in federal criminal cases are presumed to be confidential.  See generally Lite, supra, Comment 3b to Local Criminal Rule 32.1.

Second, there is a clear interest to protect the confidentiality and privacy concerns of Petitioner that outweighs any public interest in gaining access to the court-filed document (PSIR).  Finally, there does not appear to be any less restrictive alternative to protect disclosure of this confidential material.  Given the confidential nature of all the information contained therein, redaction does not seem an adequate method to protect disclosure.  Thus, the Court recognizes that sealing the PSIR is necessary to protect Petitioner's privacy interests and there is no less restrictive alternative available than sealing the PSIR at this time.  See Oliver v. N.J. State Parole Bd., 2007 U.S. Dist. LEXIS 21136 (D.N.J. Mar. 26, 2007) (Hochberg)(granting defendant's motion to

seal diagnostic and evaluative assessments of plaintiff prisoner because there was no less restrictive alternative to protect the prisoner's privacy interest).

Therefore, this Court will grant Respondent's motion to seal the PSIR.

## CONCLUSION

For the reasons set forth above, Respondent's motion to seal Petitioner's state PSIR, pursuant to L. Civ. R. 5.3, will be granted. An appropriate Order follows.

s/ Jerome B. Simandle<br>
JEROME B. SIMANDLE<br>
Chief Judge<br>
United States District Court

Dated: **September 19, 2012**